IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PATRICIA CHAMBERS, | 6:11-CV-06198 RE |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | |
| Defendant. | |

**REDDEN, Judge:**

Plaintiff Patricia Chambers ("Chambers") brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") terminating her period of disability. For the reasons set forth below, the decision of the Commissioner is reversed and this matter is remanded for further proceedings.

1 - OPINION AND ORDER

## BACKGROUND

Born in 1956, Chambers has a college degree. She has worked as a sales clerk, a retail store manager, and a waitress. She was found disabled as of February 2, 2002 because of a disc herniation at L4-5 with grade 1 spondylosis and nerve root impingement. On February 4, 2008, it was determined that plaintiff was no longer disabled as of February 28, 2008. A hearing was held before an Administrative Law Judge ("ALJ"). In a decision dated June 2, 2009, the ALJ found Chambers no longer disabled. Chambers's request for review was denied, making the ALJ's decision the final decision of the Commissioner. Chambers now seeks judicial review of the Commissioner's decision.

## ALJ's DECISION

The ALJ found Chambers had the medically determinable severe impairments of L4-S1 degenerative changes and post surgical changes as shown on bone scan and CT scan, with a solidly healed fusion at L4-5, osteoporosis, fibromyalgia, major depression, anxiety, and a history of polysubstance abuse. Tr. 26..

The ALJ determined that, as of February 28, 2008, Chambers retained the residual functional capacity to perform a limited range of light work, and is limited to simple, repetitive tasks.

The ALJ found that Chambers was unable to perform her past work, but retained the ability to work as a small products assembler, an office helper, or a meter reader. Tr. 30-31.

The medical records accurately set out Chambers's medical history as it relates to her claim for benefits. The court has carefully reviewed the extensive medical record, and the parties

are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Chambers contends that the ALJ erred by: (1) failing to prove that plaintiff has experienced medical improvement; (2) finding her not entirely credible; (3) improperly weighing physician testimony; (4) improperly rejecting lay testimony; and (5) failing to show that she retains the ability to perform other work. Because the first assertion is dispositive, the court need not address the latter issues.

### I. Background

In the June 2009 decision, the ALJ asserts that plaintiff was found disabled under Title II of the Social Security Act on October 15, 2002, with an onset date of February 2, 2002. The ALJ cites "Exhibit IA, page 14," but that exhibit is not in the administrative record. Tr. 22, 24. The October 2002 decision is known as the comparison point decision, or "CPD."

The ALJ states that, at the time of the CPD, the plaintiff had the medically determinable severe impairments of "right-sided L4-5 disc herniation complicated by L5-S1 grade 1 spondylolisthesis with L5 and S1 nerve root impingement based on MRI scan in February 2002. As of February 2, 2002, the claimant was found disabled because of her inability to sustain even sedentary work from her extreme constant pain as a result of her lumbar spine impairment." Tr. 24.

The administrative transcript relating to plaintiff's prior favorable disability determination is not in this administrative record.

On February 4, 2008, the Social Security Administration determined that plaintiff's disability ceased as of February 28, 2008. At plaintiff's request, a hearing was held on May 20, 2009, before a Disability Hearing Officer, who determined that plaintiff had experienced "medical improvement" that rendered her no longer disabled within the meaning of the Act. Tr. 46-58. The Hearing Officer included a summary of evidence, much of which is not in the administrative record before this court. Tr. 59.

A hearing was held on May 20, 2009, and on June 2, 2009, the ALJ issued a decision finding that plaintiff had experienced "medical improvement" that precluded disability.

## A. Termination of Benefits Premised on a Finding of "Medical Improvement"

The Ninth Circuit has found that "once a Social Security benefits claimant has been found to be disabled, "a presumption of continuing disability arises in [his or] her favor." *Bellamy v. Sec'y of Health & Human Servs.*, 755 F.2d 1380, 1381 (9th Cir. 1985) (citing *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1983); *accord Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). The Commissioner notes, however, that this presumption of continuing disability was specifically rejected in the 1984 Amendments to the Social Security Act. 42 U.S.C. § 423(f)(1)("Any determination made under this section shall be made on the basis of the weight of the evidence...., without any initial inference as to the presence or absence of disability being drawn from the fact that the [claimant] has previously been determined to be disabled").

A claimant's entitlement to Disability Insurance Benefits and Supplemental Security Income is subject to periodic review. 20 C.F.R. §§ 404.1594(a) (regarding DIB determinations), 416.994(a) (regarding SSI determinations).

A claimant's benefits may be terminated where the Commissioner produces substantial evidence that: "(A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and (B) the individual is now able to engage in substantial gainful activity." 42 U.S.C. § 423(f)(1). The regulations applicable to both DIB and SSI define "medical improvement" as follows:

> Medical improvement is any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s)....

20 C.F.R. § 404.1594(b)(1); *accord* 20 C.F.R. § 416.994(b)(1). A reviewing court will not set aside a decision to terminate benefits unless the determination is based on legal error or is not supported by substantial evidence in the record as a whole. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

The Commissioner determines whether a claimant continues to be entitled to DIB or SSI under two similar multi-step tests. In a DIB case, the Commissioner employs an eight-step test. 20 C.F.R. § 404.1594(f)(1)-(8). In an SSI case, there is a seven-step test. 20 C.F.R. § 416.994(b)(5)(1)-(vii). These tests are substantially similar.

At step three of the DIB test the Commissioner determines whether there has been "medical improvement" as defined in the regulations. The regulations provide that, for the purposes of determining whether medical improvement has occurred, the Commissioner "will compare the current medical severity of that impairment(s) which was present at the time of the

5 - OPINION AND ORDER

most recent favorable medical decision that you were disabled...to the medical severity of that impairment(s) at that time." 20 C.F.R. § 404.1594(b)(7).

Plaintiff contends that the ALJ failed to meet the burden of producing evidence of medical improvement because he did not produce any medical records regarding plaintiff's medical condition at the time she was found to be eligible for benefits.

The Ninth Circuit Court of Appeals has not, apparently, addressed this issue. However, other Circuits have, concluding that in assessing medical improvement the ALJ must evaluate not only the current medical evidence, but also the medical evidence upon which the disability was established. *See Byron v. Heckler,* 742 F.2d 1232, 1236 (10th Cir. 1984)(per curiam); *Vaughn v. Heckler,* 727 F.2d 1040 (11th Cir. 1984); *Veino v. Barnhart,* 312 F.3d 578 (2nd Cir. 2002).

I find the reasoning of the Second Circuit persuasive. The *Veino* court noted that the ALJ and the Commissioner had received and submitted to the court substantial medical evidence as to the claimant's current impairments, but the record before the court contained no medical evidence as to the claimant's condition at the time of the CPD. The Second Circuit concluded that, "[i]n the absence of the early medical records, the administrative record lacks a foundation for a reasoned assessment of whether there is substantial evidence to support the Commissioner's finding that [the claimant's recent] condition represents an 'improvement.'" *Veino,* 312 F.3d at 587. The *Veino* court found that without any of the original medical evidence in the record before the court, it could not make a reasoned determination as to whether the summary provided by the ALJ and/or Hearings Officer is accurate or adequate.

The Commissioner argues that any error in failing to compare the current medical reports with the medical evidence at the CPD is harmless. However, this court, and the claimant, should not be asked to rely on the two sentence summary of the CPD medical evidence provided by the ALJ.

## CONCLUSION

For these reasons, the ALJ's decision that Chambers's experienced medical improvement is not supported by substantial evidence. The decision of the Commissioner is reversed and this case is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion and order.

IT IS SO ORDERED.

Dated this ___ day of July, 2012.

_____
JAMES A. REDDEN
United States District Judge